JANVIER, Judge.
The defendant, Arthur B. Morehead, is before us on suspensive appeal from a judgment in the sum of $242.42, which was the cost of repairing the automobile of plaintiff, when it was damaged as the result of being run into by defendant’s car as defendant was operating it on a Sunday afternoon on a highway in the Parish of St. Bernard.
The plaintiff testified that on the afternoon, when he and his wife and young son were taking a Sunday afternoon ride, they decided to turn around and return home. Looking into his rearview mirror he noticed an automobile, which it later developed was the car of defendant, quite a distance behind him. He states that, in order to reverse the direction of his car, he drove to the left across the highway and entered a private driveway with the intention of backing out into the road and then returning home. He says that after he had entered the private driveway and was almost entirely off the highway with only a *154 foot or two of his car protruding into the highway, defendant, who had been on the far side of the road, turned into the direction in which his car was standing stationary and skidded between 30 and 45 feet and struck the rear end of plaintiff’s car. His testimony is corroborated by his wife and young son and a highway patrolman who arrived on the scene 15 or 20 minutes later. This patrolman says that he saw the skid marks which were made by the defendant’s car and that they extended for a distance of somewhere between 25 and 40 feet and lead directly into the rear of defendant’s car.
Defendant, on the other hand, says that both cars were going along the highway at a moderate speed and that, suddenly and without any signal at all, plaintiff turned his car sharply to the left directly into the path of defendant’s car.
In spite of the fact that defendant was alone in his car and therefore has no corroborating testimony, we are thoroughly convinced that his version is the correct one.
If plaintiff’s car was protected for almost its entire length by the private driveway on the other side of the road, it is beyond belief that the defendant turned to his left, skidded 35 or 40 feet across the highway at a 45-degree angle, and hit the rear end of plaintiff’s car.
All witnesses agree that, while the damage to plaintiff’s car was on the left rear end, the damage to defendant’s car was on the right front end. This damage could not have been sustained by defendant’s car if plaintiff’s car had been in the private driveway.
We hesitate to reverse a finding which is based solely on questions of fact, but we are thoroughly convinced that the accident could not have occurred as plaintiff contends it did.
Defendant, in the alternative, has pleaded contributory negligence and we think that it was gross negligence on the part of plaintiff to turn sharply to his left directly across the path of defendant’s car.
The judgment appealed from is annulled, avoided and reversed, and there is-now judgment dismissing plaintiff’s suit at his cost.
Reversed.